UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERRY DEAN PETERSEN,

          Petitioner,

v.

JAMIE KANE,

          Respondent.

CASE NO. 2:22-CV-1356-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: May 12, 2023

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Jerry Dean Petersen initiated this case on September 23, 2022, by filing a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. *See* Dkt. 1. The Court concludes Petitioner failed to properly exhaust his state court remedies. Therefore, the Court recommends the Amended Petition be dismissed without prejudice and a certificate of appealability not be issued.

**I.    Background**

In the Amended Petition, Petitioner, a pre-trial detainee housed at Snohomish County Jail, challenges the criminal charges pending against him. Dkt. 11. On January 12, 2023, the

1  Court directed the Clerk's Office to serve the Amended Petition on Respondent and directed
2  Respondent to file a response regarding only whether Petitioner had exhausted his state court
3  remedies and whether there are extraordinary circumstances that would make *Younger* abstention
4  inappropriate. Dkt. 12. Respondent filed an Answer and the relevant state court record on
5  January 25, 2023. Dkts. 17, 17-1. Petitioner filed his Response to the Answer on February 23,
6  2023. Dkt. 20. Respondent did not file a reply.

7  **II.    Discussion**

8  In the Answer, Respondent asserts Petitioner has failed to exhaust his state court
9  remedies. Dkt. 17. "[A] state prisoner must normally exhaust available state judicial remedies
10  before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S.
11  270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts
12  [have been afforded] a meaningful opportunity to consider allegations of legal error without
13  interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate
14  prisoners must give the state courts one full opportunity to resolve any constitutional issues by
15  invoking one complete round of the State's established appellate review."  *O'Sullivan v.*
16  *Boerckel*, 526 U.S. 838, 845 (1999). Although there is no exhaustion requirement mandated by
17  28 U.S.C. § 2241(c)(3), courts have held exhaustion is necessary as a matter of comity unless
18  special circumstances warrant federal intervention prior to a state criminal trial. *Carden v.*
19  *Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971).

20  Here, the record shows Petitioner is a pre-trial detainee being held on a $100,000 bail on
21  Snohomish County District Court Cause No. 20-1-00170-31. Dkt. 17-1 at 10-11. Petitioner
22  alleges his constitutional rights are being violated related to the investigation and his arrest in the
23  underlying criminal case. Dkt. 11. The record fails to show Petitioner has availed himself of any
24

state court remedies. Rather, Petitioner asserts that he has exhausted his state court remedies because he filed a § 2241 petition with the Washington State Supreme Court. Dkt. 20. The alleged petition he states he filed with the state supreme court is a single page that was date stamped as received by the state supreme court on February 9, 2023. *Id*. at 7. This document does not show that Petitioner exhausted his claims through every level of the State's established appellate review and it does not show what claims he allegedly raised in the petition filed with the state supreme court. Therefore, one page of an alleged state supreme court filing is not sufficient to show exhaustion. Petitioner has also failed to show state court remedies are not available to him.

As Petitioner has not shown he has exhausted his state remedies or that there are no state court remedies available, the Court finds the Amended Petition has not been exhausted. *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951) ("the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted); *Williams v. Los Angeles Superior Court*, 2014 WL 2533804, *4 (C.D. Cal. June 4, 2014) (finding petitioner failed to exhaust his remedies and was not entitled to relief under §2241 where he did not seek any relief in the state court of appeals or state supreme court).[1]

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id*. at 474. In determining whether relief is available under

---

[1] As the Court concludes Petitioner has failed to exhaust available state remedies, the Court declines to consider Respondent's remaining arguments. *See* Dkt. 17.

28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved on the existing state court record.

## IV. Certificate of Appealability

A state prisoner who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) to challenge process issued by a state court. *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Amended Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a COA with respect to the Amended Petition. If Petitioner believes the Court should issue a COA, he should set forth his reasons in his objections to this Report and Recommendation.

## V. Conclusion

For the foregoing reasons, the Court recommends Petitioner's Amended Petition (Dkt. 11) be dismissed without prejudice. The Court also recommends a COA not be issued. As Petitioner has not exhausted available state remedies, the Court finds an appeal would not be taken in good faith and, thus, recommends denying any request to proceed *in forma pauperis* on appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 12, 2023, as noted in the caption.

Dated this 25th day of April, 2023.

David W. Christel
Chief United States Magistrate Judge